**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH WAYNE GREEN | : | |
| | : | |
| Appellant | : | No. 1504 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 12, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001080-2020

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MAY 05, 2022**

Appellant Keith Wayne Green appeals from the judgment of sentence[1]

entered in the Court of Common Pleas of Lackawanna County on October 12,

---

[*] Former Justice specially assigned to the Superior Court.

[1]      Appellant was sentenced on October 12, 2021, and counsel for Appellant filed a timely post-sentence motion on October 22, 2021. Counsel filed a notice of appeal on November 10, 2021.

On December 9, 2021, this Court directed Appellant  to show cause as to why the appeal should not be dismissed as premature as post-sentence motion remained pending. **See Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa.Super. 2013) (noting that an appeal filed while post-sentence motion is pending is premature), *appeal denied*, 86 A.3d 231 (Pa. 2014); **see also** Pa.R.Crim.P. 720 cmt. ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending."). Counsel for Appellant filed a response on December 16, 2021, in which counsel indicated that the post-sentence motion was denied by order of October 26, 2021, but the order had not been entered on the docket until December 13, 2021, and was served on December 16, 2021.

A notice of appeal must be filed within 30 days of the entry of the order being appealed. **See** Pa.R.A.P. 903(a); **Commonwealth v. Moir**, 766 A.2d 1253 (Pa.Super. 2000). If the defendant files a timely post sentence motion,
*(Footnote Continued Next Page)*

2021, after he entered an open guilty plea to Firearms not to be carried without a license, 18 Pa. C.S.A. §6106(a)(1), and to Fleeing or attempting to elude a police officer, 75 Pa. C.S.A. §3733(a). Additionally, Appellant's counsel has filed an Application to Withdraw as Counsel and an **Anders**[2] brief on the basis of frivolity. After careful review, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's judgment of sentence.

The trial court set forth the relevant facts and procedural history herein as follows:

> On March 12, 2021, [Appellant] pled guilty in the above-captioned case, and on October 12, 2021, was sentenced. On November 10, 2021, [Appellant] filed a Notice of Appeal of the judgment of sentence to the Superior Court. This opinion is filed

---

the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. **See** Pa.R.Crim.P. 720(A)(2)(a). In **Commonwealth v. Cooper**, 27 A.2d 994, 1008 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal does not divest the trial court of jurisdiction to act upon a timely filed post-sentence motion later filed by counsel. **Cooper**, 27 A.2d at 1008. The **Cooper** Court held that the premature appeal should have been treated as if it had been filed after the denial of post-sentence motions in accordance with Pa.R.A.P. 905(a)(5).
In the instant matter, the notice of appeal was filed at a time when the post-sentence motion had been denied but had not been entered or served; thus, it was premature. However, the trial court served the order denying the post-sentence motion on December 16, 2021. Therefore, the matter may be considered timely filed in accordance with Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.")

[2] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

in compliance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## I.    BACKGROUND

On March 12, 2021, [Appellant] pled guilty to one count of firearms not to be carried without a license, and one count of fleeing or attempting to elude a police officer, and, in exchange the numerous other charges pending against [Appellant] were nolle prossed. These charges arose on June 30, 2020, when [Appellant] led police on a high speed chase in Scranton and crashed his vehicle into a house. The police found a firearm on the floor in front of the driver's seat of [Appellant's] vehicle.

On October 12, 2021, [Appellant] was sentenced. The court stated that the problem for [Appellant] is that this was a crime of violence, and that he has a serious prior record. Transcript of October 12, 2021 Sentencing at 4-5. The court noted that even though he might receive a favorable guideline sentence, his prior record score of five really jacks up any sentence that is to be imposed. Id. at 5. The court also stated that his prior convictions are for robbery, assault, and fleeing and eluding, and go back 16 years. Id. The court imposed a 3.5 to 7 year sentence on the firearms charge, and a 15 to 30 month sentence on the fleeing and eluding charge, concurrent to the firearms sentence. Id. at 5-6. The court ordered a drug and alcohol evaluation and a mental health evaluation. Id. at 6. The court pointed out that the sentence fell in the standard range of the sentencing guidelines, and that in fashioning the sentence, the court gave serious consideration to the nature and gravity of the offense, [Appellant's] rehabilitative needs, and the entire contents of the pre-sentence file. Id. at 7.

On October 22, 2021, [Appellant] filed a motion for reconsideration of sentence. On November 10, 2021, [Appellant] filed a Notice of Appeal, and on November 23, 2021, this court ordered [Appellant] to file a concise statement of the matters complained of on appeal in each case within 21 days pursuant to Pa.R.A.P. 1925(b). [Appellant] filed a Statement of Matters Complained of on Appeal on December 3, 2021.

Trial Court Opinion, filed 1/6/22 at 1-2.

Counsel filed her Application to Withdraw as Counsel and an *__Anders__*

brief with this Court on February 22, 2022.   Appellant has not retained

independent counsel, and he has not filed a *pro se* response to the **Anders** brief. The trial court filed its Rule 1925(a) Opinion on January 6, 2022.

Before we may consider the issues raised in the **Anders** brief, we must consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa.Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw).

Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa.Super. 2006) (citation omitted).

In **Santiago**, the Pennsylvania Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

- 4 -

controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018).

Herein, counsel has complied with the procedural requirements of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny. Counsel provided Appellant with a letter advising him of his rights to retain new counsel or to proceed *pro se* pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005). The letter is attached to counsel's Application to Withdraw as Counsel. Although the petition does not contain proof of service on Appellant, the ***Millisock*** letter references it as having been enclosed with the letter.

Counsel's ***Anders*** brief contains a Pa.R.A.P. 2119(f) statement, copies of Appellant's Pa.R.A.P. 1925(b) statement and the trial court opinion, and proof of service on Appellant. In the brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that, following a conscientious examination of the record, she

- 5 -

has determined the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Appellant's appeal is wholly frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the **Anders** brief, counsel sets forth the following issue that Appellant wishes to raise:

> WHETHER THE SENTENCES IMPOSED ON BOTH OFFENSES WERE INAPPROPRIATELY EXCESSIVE, HARSH AND AN ABUSE OF DISCRETION.

**Anders** brief at 4. This issue presents a challenge to the discretionary aspects of Appellant's sentence.

Pennsylvania law makes clear that by entering a guilty plea, a defendant waives his right to challenge on direct appeal all defects and defenses except the legality of the sentence and the validity of the plea. **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). However, under certain circumstances, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa.Super. 1994). "The determination of whether discretionary aspects of sentencing may be

challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." *Id*. at 18. As this Court has explained:

> where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties. Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained.

*Commonwealth v. Brown*, 982 A.2d 1017, 1018-19 (Pa.Super. 2009) (citations omitted).

In the matter *sub judice*, Appellant's plea agreement did not specify any particular sentence; therefore, he may present this challenge to the discretionary aspects of his sentence. However, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate

under the Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019); ***see also*** Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Appellant preserved a challenge to the discretionary aspects of his sentence in his Petition for Reconsideration of Sentence, and he filed a timely notice of appeal. Also, the ***Anders*** brief contains a Pa.R.A.P 2119(f) statement. Thus, we next consider whether Appellant has raised a substantial question.

In the Pa.R.A.P. 2119(f) statement, counsel avers that Appellant's sentences were manifestly harsh and excessive because the trial court did not sufficiently consider that he had done well "on the street for twenty months" which demonstrates he is capable of conforming to living a life free of crime. ***Anders*** brief at 9-10. Thus, we find Appellant has raised a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). We, therefore, proceed to review Appellant's substantive argument.

Challenges to the discretionary aspects of sentence are reviewed for an abuse of discretion. **Commonwealth v. Moury**, 992 A.2d 162, 169 (Pa. Super. 2010). As we reiterated in **Moury**:

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Id.** at 169-70 (quoting **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (internal citations omitted)).

The record reflects that, Appellant's arguments to the contrary, the trial court considered the nature of and the circumstances surrounding Appellant's crimes. Appellant pled guilty to the aforementioned crimes on March 12, 2021. At sentencing, the trial court had the benefit of a presentence investigation (PSI) report. N.T. 10/12/21, at 3, 7. When the trial court has the benefit of a PSI report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing sentence.

*Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa.Super. 2019) (citation omitted).

Prior to imposing its sentence, the trial court indicated it was troubled by both the fact that this matter involved a crime of violence and Appellant's serious prior record score of five. *Id*. at 4-5. The trial court further noted Appellant had prior convictions for "robbery, assault, fleeing and eluding" and stressed that "the events of November 30, 2020, are something that we can't just forget about and minimize." *Id*. at 5. Significantly, although the trial court explained that in light of his prior record any sentence would need to be substantial, it sentenced Appellant in the standard range of the Sentencing Guidelines and ordered that the sentences were to run concurrently to one another. *Id*. at 5-6.

In fashioning Appellant's sentence, the trial court indicated it had given serious consideration to the nature and gravity of Appellant's offenses, his rehabilitative needs, and the entire contents of the pre-sentence file which dated back to 2005. *Id*. at 7. Thus, in light of the foregoing, we conclude the trial court did not abuse its discretion in sentencing Appellant to an aggregate term of three and one half (3 ½) to seven (7) years in prison for his crimes. Clearly, the trial court could have sentenced in the aggravated range based on Appellant's prior record.

After examining the issue contained in the ***Anders*** brief, we agree with counsel that the instant appeal is wholly frivolous. Furthermore, after

conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal. ***See Yorgey***, 188 A.3d at 1195. Thus, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2022